IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Case No. 20-cv-0681-WJM-STV

JOHNNY LICERIO,

    Plaintiff,

v.

OFFICER R. LAMB,
OFFICER TIEGEN,
DOCTOR MATTHEW DELIERE,
JANE DOE, Doctor with Tri County Urgent Care,
JOHN DOE, Radiologist with Tri County Urgent Care,
PARKER ADVENTIST HOSPITAL,
JANE DOE, Officer with Arapahoe County Sheriff's Office,
OFFICER BEATY,
CHIEF JARED ROWLISON,
JOHN DOE, Officer with Arapahoe County Sheriff's Office,
JOHN DOE, Nurse with Arapahoe County Sheriff's Office,
JOHN DOE, Psychiatrist with Denver Health,
JOHN DOE, Nurse with Arapahoe County Sheriff's Office,
JOHN DOE, Medical provider with Arapahoe County Sheriff's Office,
JOHN DOE, Someone with Tri County Urgent Care,
JOHN DOE, Someone with Arapahoe County Detention Facility, and
KATIE TELFER, Public Defender,

    Defendants.

## ORDER ADOPTING JULY 15, 2021 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the July 15, 2021 Report and Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 170) that the Court grant Defendants' Motion to Dismiss Plaintiff Johnny Licerio's Third Amended Complaint ("Motion to Dismiss") (ECF No. 87), deny Licerio's Motion to Amend his Third Amended Complaint ("Motion to Amend) (ECF

No. 114), deny Licerio's three Motions for Preliminary Injunction (ECF Nos. 70, 127 & 161), and dismiss the Third Amended Complaint ("TAC") (ECF No. 83) with prejudice. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, Licerio's Objection is overruled and the Recommendation is adopted in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the TAC.[1]

This civil rights action arises out of Licerio's treatment as a pretrial detainee at Arapahoe County Detention Facility ("ACDF"). Licerio initiated this action on March 11, 2020. (ECF No. 1.) Licerio filed his TAC on December 23, 2020, which is the operative complaint. (ECF No. 83.) He brings a total of fourteen claims, alleging violations of his rights under the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1985, and the Emergency Medical Treatment and Active Labor Act of 1986 ("EMTALA"), 42 U.S.C. §§ 1395dd, and asserts state tort claims for nondisclosure and intentional infliction of emotional distress. (*Id.*) He brings his claims against Arapahoe County Sheriff's Office Deputies Teigen and Lamb, an "Officer Beaty," Detention Bureaus Chief Jared Rowlison, and several Doe Officers ("ACSO Defendants"), his defense attorney, Katie Telfer, Parker Adventist Hospital (the "Hospital"), and various medical providers. (*Id.*)

---

[1] The Court assumes the allegations contained in the TAC are true for the purpose of resolving the Motions to Dismiss. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

ACSO Defendants filed their Motion to Dismiss on January 13, 2021. (ECF No. 87.) Licerio responded on February 12, 2021, and ACSO Defendants replied on March 2, 2021. (ECF Nos. 105 & 113.) Telfer filed her Motion to Dismiss on June 3, 2021. (ECF No. 155.) Licerio did not file a Response to Telfer's Motion to Dismiss.

Licerio filed his Motion to Amend on March 1, 2021, seeking to join an additional party. (ECF No. 114.) Licerio also filed three Motions for Preliminary Injunction on November 30, 2020, April 16, 2021, and June 16, 2021 ("Motions for Injunction"). (ECF Nos. 70, 127 & 161.)

On July 15, 2021, Judge Varholak issued his Recommendation, addressing the two Motions to Dismiss, the Motion to Amend, and the three Motions for Injunction. (ECF No. 170.) He found that Licerio failed to state a claim against ACSO Defendants and therefore recommended granting their Motion to Dismiss. (*Id.* at 19–61.) Judge Varholak further conducted an independent screening of Licerio's claims and determined that all of his claims failed to plausibly allege a cause of action; he therefore recommended dismissal of the TAC in its entirety without leave to amend. (*Id.* at 15–17, 61.) As he recommended dismissal of the TAC based on ACSO's Motion to Dismiss and § 1915 screening, Judge Varholak recommended denial of Telfer's Motion to Dismiss as moot. (*Id.* at 62.)

Judge Varholak then reviewed the Motion to Amend and determined that— because the proposed amendment would merely join an additional party rather than address any deficiencies in the substantive allegations in the TAC—amendment would be futile. (*Id.* at 62–64.) He therefore recommended denial of the Motion to Amend. (*Id.* at 64.) Finally, Judge Varholak reviewed the three Motions for Injunction and

determined that they should be denied because Licerio could not show a likelihood of success on the merits of his action, given that his TAC failed to state a claim for relief. (*Id.* at 64–70.)

Licerio filed his Objection on August 6, 2021.  (ECF No. 178.)  ACSO Defendants and Telfer responded to the Objection on August 20, 2021.  (ECF Nos. 184 & 185.)  Licerio replied to Telfer's Response on September 7, 2021.[2]  (ECF No. 191.)

Licerio has also since filed a Motion for Extension of Time to respond to Telfer's Motion to Dismiss (ECF No. 175), a Motion for Appointment of Counsel (ECF No. 174), and a Motion for Extension of Time to serve Defendant DeLiere (ECF No. 171).

On August 20, 2021, Licerio filed a Notice of Appeal of the Recommendation. (ECF No. 189.)  The Tenth Circuit dismissed the appeal on September 8, 2021.[3]  (ECF No. 192.)  The Court therefore properly considers the Recommendation and pending Motions.

## II. LEGAL STANDARD

### A.   Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly

---

[2] The undersigned's Revised Practice Standards do not permit reply briefs in the context of Rule 72 objections.  *See* Revised Practice Standard III.I.2 ("In conformity with Rule 72, no reply in support of an objection made under either Rule 72(a) or 72(b) will be accepted.").  The Court therefore strikes Licerio's reply.
[3] After the Tenth Circuit issued an Order to Show Cause as to its jurisdiction over the appeal (ECF No. 190), given that the Court had not yet adopted or rejected the Recommendation, Licerio filed a Motion to Dismiss the appeal, which was granted (ECF No. 192).

made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.      Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir.

2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Because Licerio is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A.    ACSO Motion to Dismiss**

ACSO Defendants seek dismissal of Licerio's Claims 1 through 4, 10, and 14. (ECF No. 87.) Specifically, they argue that Licerio's federal claims are untenable because they fail to plausibly allege a constitutional violation, and that the Court lacks jurisdiction over his state law claims because he did not comply with the notice requirements set forth in the Colorado Governmental Immunity Act ("CGIA"). (*Id.*) Although ACSO Defendants only seek dismissal of the claims against them, the Court will—as Judge Varholak did—screen all of Licerio's claims pursuant to 28 U.S.C. § 1915 to determine whether his allegations plausibly state a claim for relief.

i.    *Claim One: State-Created Danger*

Licerio brings a claim for state-created danger in violation of his substantive due process rights, based on ACSO Defendants' placing him in a cell where other inmates attacked him. (ECF No. 83 at 10–11.)

6

Judge Varholak found that Licerio failed to state a claim for violation of his substantive due process rights because he did not allege facts suggesting that the Defendants had knowledge of the risk to his safety.  (ECF No. 170 at 21–24.)  Rather, even construing the allegations in the light most favorable to Licerio, Judge Varholak found that Licerio only alleged negligence at most, which is insufficient to state a constitutional claim.  (*Id.*)

In his Objection, Licerio states only that he objects to Judge Varholak's conclusion and that his injuries "were not the result of 'negligence.'"  (ECF No. 178 at 1–2.)  Licerio adds no argument or support beyond this conclusory sentence.  (*Id.*)

Finding that Licerio failed to meaningfully object to Judge Varholak's finding and finding no clear error in Judge Varholak's analysis or conclusion, the Court adopts this portion of the Recommendation and dismisses Claim One.

    ii.    *Claim Four: Failure to Protect*

Licerio alleges that ACSO Defendants failed to protect him from the threat of violence from other inmates, which amounted to deliberate indifference to his safety in violation of the Fourteenth Amendment.  (ECF No. 83 at 16–17.)

Judge Varholak found that Licerio failed to state a claim for failure to protect because he did not allege facts suggesting that the Defendants knew of and recklessly disregarded a substantial risk to his safety, thereby failing to satisfy the subjective prong of the deliberate indifference inquiry.[4]  (ECF No 170 at 25–27.)  He therefore recommended dismissal Claim Four.  (*Id.* at 27.)

---

[4] A deliberate indifference claim must satisfy both an objective and subjective prong.  The subjective component of the inquiry—which is relevant here—is met if an official "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (10th Cir. 1994).

7

In his Objection, Licerio quotes portions of the Recommendation to which he objects and states in a single conclusory sentence that Defendants knew of and disregarded an excessive risk to his safety. (ECF No. 178 at 2–3.) He does not cite any authority nor make any argument beyond parroting the relevant legal standard, however. (*See id.*)

As Licerio fails to meaningfully object, and finding no clear error in Judge Varholak's analysis, the Court adopts this portion of the Recommendation and dismisses Claim Four.

iii.    *Claims Five and Six: Violation of EMTALA*

Licerio alleges that the hospital failed to properly screen his injuries and stabilize his emergency medical conditions in violation of the EMTALA. (ECF No. 83 at 17–19.)

Judge Varholak found that Licerio failed to state a claim for failure to screen because he did not identify screening procedures that the Hospital failed to follow. (ECF No. 170 at 30.) He further found that Licerio failed to state a claim for failure to stabilize because he did not identify any additional treatment the Hospital should have provided, nor any injury that resulted from the alleged failure to stabilize. (*Id.* at 31–32.)

In his Objection, Licerio argues that the Hospital failed to screen because the medical professionals mistakenly diagnosed him with a broken nose rather than a shoulder injury. (ECF No. 178 at 3–5.) He concedes, however, that he is not aware of the screening procedures that he should have received. (*Id.* at 3.)

"[A] hospital's obligation under EMTALA is measured by whether it treats every patient perceived to have the same medical condition in the same manner," and a

8

plaintiff must allege that a hospital "d[id] not follow its own standard procedures." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 797 (10th Cir. 2001).

As Judge Varholak noted and Licerio concedes, the TAC does not identify a particular screening procedure that the Hospital failed to follow, or a procedure that was not offered to him and should have been.  (*See generally* ECF No. 83.)  Accordingly, Licerio fails to allege violation of EMTALA based on failure to screen.  *See Phillips*, 244 F.3d at 797.  The Court therefore adopts this portion of the Recommendation and dismisses Claim Five.

Licerio does not specifically object to Judge Varholak's determination regarding his claim for failure to stabilize, merely stating that he objects for the same reasons as he objects to dismissal of Claim Five.  (ECF No. 178 at 5.)  Finding that Licerio has failed to meaningfully object and finding no clear error in Judge Varholak's analysis and conclusion, the Court also adopts this portion of the Recommendation and dismisses Claim Six.

    iv.    *Claim Nine: Deliberate Indifference to Serious Medical Needs*

Licerio alleges that John Doe ACDF Medical Provider violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment.  (ECF No. 83 at 24–26.)  Specifically, Licerio alleges that this Defendant failed to provide medical care for his shoulder injury or attention to his stomach discomfort caused by a prescribed anti-psychotic medication Licerio refers to as "Rhespodol."  (*Id.* at 24–25.)

Judge Varholak found that Licerio failed to state a claim for deliberate indifference because he did not allege facts suggesting that John Doe ACDF Medical

9

Provider subjectively knew of and consciously disregarded a risk of serious harm to Licerio sufficient to satisfy the subjective component of the inquiry. (ECF No. 170 at 34–35.) Specifically, Licerio only alleged that this Defendant improperly interpreted an x-ray and failed to acknowledge swelling in Licerio's arm. (ECF No. 83 at 21, 25.) Judge Varholak found that such allegations amounted to a mere difference of opinion between providers or medical malpractice, which is not sufficient to establish a constitutional violation. (ECF No. 170 at 35.)

In his Objection, Licerio reiterates the extent of his injuries and discomfort[5] and states in a conclusory manner that the "healthcare providers at ACDF were aware of a substantial risk to [his] health and disregarded it." (ECF No. 178 at 7.)

Licerio fails to assert in a non-conclusory way that the medical providers knowingly disregarded a risk to his health. As Licerio fails to satisfy the subjective prong of the inquiry, he has not plausibly alleged a claim for deliberate indifference. *See Farmer*, 511 U.S. at 837. Accordingly, the Court adopts this portion of the Recommendation and dismisses Claim Nine.

v.   *Claim Eleven: Right to Informed Consent*

Licerio alleges that medical providers at ACDF violated his Fourteenth Amendment right to refuse medication by failing to advise him as to the side effects of Rhespodol, namely, stomach upset.[6] (ECF No. 83 at 28–29.) He asserts that he would have refused the Rhespodol had he known he would suffer these side effects. (*Id.*)

---

[5] This aspect is immaterial, as Judge Varholak assumed without deciding that Licerio's injuries were serious enough to satisfy the objective prong of the deliberate indifference inquiry. (ECF No. 170 at 34.)

[6] Although the Tenth Circuit has not expressly held that the substantive due process right to medication refusal extends to informed consent, Judge Varholak noted that every Circuit to consider the question concluded that it did and therefore applied that analysis. (ECF No. 170 at

10

Judge Varholak determined that Licerio failed to state a claim for violation of the right to informed consent because he did not allege that the effects he suffered were known side effects, nor that the medical providers gave him inaccurate information with the purpose of depriving him of the right to refuse the medication. (ECF No. 170 at 39–40.) Judge Varholak therefore recommended dismissal of Claim Eleven. (*Id.* at 40.)

In his Objection, Licerio concedes that he did not allege the Defendants' subjective awareness of the side effects or intent to withhold medical information because he is unaware of their state of mind but argues that he nonetheless believes that the providers had the intent to cause him harm. (ECF No. 178 at 9–11.) He further describes the extent of his symptoms from the medication. (*Id.*)

To sustain a claim for violation of the right to informed consent, a plaintiff must allege, *inter alia*, that "the defendant acted with deliberate indifference to the prisoner's right to refuse treatment." *Knight*, 942 F.3d at 342. As Licerio concedes that he is unaware of Defendants' state of mind and that he alleges no facts suggesting their knowledge of the side effects or intent to mislead him, his claim fails. *See id.*; *see also Pabon*, 459 F.3d at 250–52 (applying deliberate indifference standard). The Court therefore adopts this portion of the Recommendation and dismisses Claim Eleven.

vi.   *Claims Two, Three, Seven, Eight and Twelve: Conspiracy Claims*

Licerio brings claims for conspiracy to violate his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985.[7] (ECF No. 83 at 12–15, 21–23, 29–31.) Specifically, his

---

37; *see also Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019); *Pabon v. Wright*, 459 F.3d 241, 251 (2d Cir. 2006); *Benson v. Terhune*, 304 F.3d 874, 885 (9th Cir. 2002); *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990).) For the sake of thorough analysis, the Court will also assume that such a claim is available.

[7] The Tenth Circuit has recognized a cause of action for "a conspiracy to violate a right protected by § 1983; in other words, a conspiracy to deprive a plaintiff of a constitutional or

claims are based on failure to protect from the attack by the other inmates, the failure to provide proper medical treatment, and his theory that Telfer withheld certain "discovery" documents from him. (*Id.*) His § 1985 claim is based on the contention that Defendants' purported wrongful conduct was due to his race. (*Id.*)

Judge Varholak found that Licerio failed to state a claim for conspiracy under § 1983 because he failed to allege an underlying violation of a constitutional or federally protected right for the reasons discussed above. (ECF No. 170 at 42–44.) He further found that Licerio failed to state a claim for conspiracy under § 1985 because he did not allege any facts suggesting that his purported mistreatment was race-based. (*Id.* at 45–47.)

In his Objection, Licerio largely focuses his argument on asserting that Telfer withheld "discovery" from him, and therefore he did not learn that an additional charge was pending against him. (ECF No. 178 at 13–14.) He speculates that she and other ACDF employees adhere to a "code of silence" to conceal information from inmates. (*Id.* at 15.) He continues to assert that all Defendants are engaged in an elaborate "subterfuge" to deprive him of information and medical treatment. (*Id.*) With respect to the § 1985 claims, Licerio reiterates his theory that his "injuries were the result of a discriminatory attitude towards [him]." (*Id.* at 19.)

As to the § 1983 conspiracy claims, Licerio fails to object to the finding that he suffered no constitutional violation. (*Id.* at 13–15.) Accordingly, he fails to plausibly

---

federally protected right under color of state law." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990). Section 1985 similarly "imposes liability on two or more persons who 'conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting 42 U.S.C. § 1985(3)).

allege a § 1983 conspiracy claim.  *See Dixon*, 898 F.2d at 1449 n.6.  The Court therefore adopts this portion of the Recommendation and dismisses Claims Three, Seven, and Twelve.

As to the § 1985 claim, Licerio merely repeats that he believes racial animus was the reason for his treatment.  (ECF No. 178 at 19.)  Such conclusory statements, devoid of supporting factual allegations, are insufficient to state a § 1985 claim.  *See Diaz v. Lynch*, 2015 WL 13658656, at *3 (D.N.M. Aug. 7, 2015) (finding "conclusory allegations that Defendants were 'racially motivated'" insufficient to plead race discrimination in violation of § 1985).  Accordingly, the Court also adopts this portion of the Recommendation and dismisses Claims Two and Eight.

vii.     *Claim Ten:* Monell *Failure to Supervise*

Licerio brings a claim against Rowlinson in his official capacity for failure to train and supervise officers to prevent attacks by other inmates and administer proper medical treatment.  (ECF No. 83 at 27.)  The Court presumes—as Judge Varholak did—that Licerio brings this claim pursuant to the municipal liability principles set forth in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).[8]

Judge Varholak found that—because Licerio failed to plead a constitutional violation in Claims One, Four, and Nine—he could not satisfy the elements of a *Monell* claim.[9]  (ECF No. 170 at 48–49.)  He therefore recommended dismissal of Claim Ten. (*Id.* at 49.)

---

[8] As ACSO Defendants note in their Motion to Dismiss, a *Monell* claim is properly brought against Arapahoe County Sheriff Tyler Brown.  The Court will, as Judge Varholak did, liberally construe this claim as brought against ACSO.
[9] To state a *Monell* claim, Licerio must plausibly allege that the ACSO maintains a particular custom, policy, or practice, and demonstrate a causal link between such policy and a violation of

13

In his Objection, Licerio states that officials acting under color of state law may be held liable for constitutional violations and cites congressional testimony for the proposition that Congress intended a civil remedy in such situation. (ECF No. 178 at 21–22.)

Licerio's Objection is misguided, as no dispute exists as to whether an official may be held liable. Rather, Licerio again fails to address the lack of a constitutional violation. (*Id.*)

As Licerio must plausibly allege the existence of a constitutional violation to sustain a *Monell* claim, his claim fails. *See Brown*, 520 U.S. at 404. Accordingly, the Court adopts this portion of the Recommendation and dismisses Claim Ten.

    viii.    *Claims Thirteen and Fourteen: State Law Claims*

Licerio brings two state tort law claims for nondisclosure and intentional infliction of emotional distress against ACSO Defendants, Telfer, and various medical providers, premised on the same conduct underlying his federal claims. (ECF No. 83 at 32–36.) Considering the pending Motions for Injunction, the Court exercises its discretion to retain jurisdiction over Licerio's pendent state law claims despite the dismissal of the federal claims. *See Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (affirming exercise of supplemental jurisdiction where "judicial economy and fairness supported retaining jurisdiction").

Judge Varholak found that Licerio's state law claims were barred because he failed to plead compliance with the CGIA's notice requirement.[10] (ECF No. 170 at 51–

---

his constitutional rights. *Brown v. Bd. of Cnty. Comm'rs of Bryan Cnty*, 520 U.S. 397, 404 (1997).
[10] To bring a claim under the CGIA, "a claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim" by serving

53.) As compliance with the notice requirement is a jurisdictional prerequisite to suit, and Licerio did not plead compliance, Judge Varholak recommended dismissal of the state law claims. (*Id.*) He further analyzed the sufficiency of the claims and concluded that, even assuming Licerio complied with the notice requirement, he failed to plausibly state a claim for either nondisclosure or intentional infliction of emotional distress. (*Id.* at 54–61.)

In his Objection, Licerio states only that he objects to this portion of the Recommendation but does not specify any grounds for his objection. (ECF No. 178 at 22–24.)

Finding that Licerio has failed to meaningfully object, and that Judge Varholak's reasoning was not clearly erroneous, the Court adopts this portion of the Recommendation and dismisses Claims Thirteen and Fourteen.

  ix. *Futility of Amendment*

Dismissal of an action is a harsh remedy, and a court may liberally grant a *pro se* litigant leave to cure pleading deficiencies. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991). Such leave is not to be granted, however, where amendment would be futile. *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017).

---

written notice of the claim on the public entity sued within 182 days of discovery of the injury. *Kratzer v. Colo. Intergovernmental Risk Sharing Agency*, 18 P.3d 766, 769 (Colo. Ct. App. 2000); *see also* Colo. Rev. Stat. § 24-10-109(1).

As discussed above, those of Licerio's claims which are not barred for failure to comply with the notice requirement fail to plausibly allege a constitutional violation or state a claim under any law invoked. The Court has previously granted Licerio several opportunities to cure his pleading deficiencies, and he continues to assert untenable claims. (ECF Nos. 4, 14 & 83.) The Court finds that granting leave to file yet a fourth amended complaint would be futile, and therefore dismisses the TAC with prejudice.[11]

**B.     Motion to Amend**

Licerio seeks leave to amend the TAC to join the Sheriff of Arapahoe County on an apparent *Monell* theory for failure to train officers. (ECF No. 114.)

Judge Varholak found that amendment would be futile because Licerio did not propose any amendments that would cure the pleading deficiencies, and—as with respect to the other Defendants—the allegations did not state a claim for relief because he failed to allege a constitutional violation. (ECF No. 170 at 62–64.) He therefore recommended denial of the Motion to Amend. (*Id.* at 64.)

Licerio does not object to this conclusion. Finding that Judge Varholak's analysis was not clearly erroneous, the Court adopts this portion of the Recommendation and denies the Motion to Amend.

**C.     Motions for Injunction**

Judge Varholak found that Licerio's three Motions for Injunction should be denied because he failed to demonstrate a likelihood of success on the merits of the action given that his TAC failed to state a claim for relief. (ECF No. 170 at 64–70.)

---

[11] As the Court will dismiss the TAC, Telfer's Motion to Dismiss is denied as moot.

Licerio does not specifically object to Judge Varholak's conclusion. Finding that Judge Varholak's determination was not clearly erroneous, the Court adopts this portion of the Recommendation and denies the Motions for Injunction.

### D. Remaining Motions

Licerio seeks an extension of time to serve Defendant DeLiere with process, and an extension to respond to Telfer's Motion to Dismiss. (ECF Nos. 171 & 175.) First, the docket reflects that DeLiere executed a waiver of service and was therefore properly joined in this action. (ECF No. 163.) Further, as discussed above, the Court denied Telfer's Motion to Dismiss, as it will dismiss the TAC on alternative grounds. Accordingly, both Motions for Extension are denied as moot.

Licerio has also filed a Motion for Appointment of Counsel. (ECF No. 174.) He asserts that he was transferred to a new facility and lacks access to a law library, and that this action has grown more complex because Defendants' counsel entered an appearance. (*Id.* at 3–4.)

As discussed above, the Court will dismiss the TAC with prejudice and without leave to amend, thereby terminating the action. As such, the Motion for Appointment of Counsel is also denied as moot.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 170) is ADOPTED in its entirety;
2. ACSO's Motion to Dismiss (ECF No. 87) is GRANTED;
3. Licerio's TAC (ECF No. 83) is DISMISSED WITH PREJUDICE;
4. Telfer's Motion to Dismiss (ECF No. 155) is DENIED AS MOOT;

5. Licerio's Motion to Amend (ECF No. 114) is DENIED;

6. Licerio's Motions for Injunction (ECF Nos. 70, 127 & 161) are DENIED;

7. Licerio's Motions for Extension and Motion for Appointment of Counsel (ECF Nos. 171, 174 & 175) are DENIED AS MOOT;

8. Licerio's Reply to Telfer's Response (ECF No. 191) is STRICKEN;

9. The Clerk shall enter judgment in favor of Defendants and against Plaintiff Licerio and shall terminate this case; and

10. The parties shall bear their own attorney's fees and costs.

Dated this 14th day of September, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge